# EXHIBIT A

2/26/2016 11:24:42 AM
16CV06135

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MELISSA COURY, Personal Representative of
the Estate of RAYMOND COURY,

        Plaintiff,

    vs.

AIR & LIQUID SYSTEMS CORPORATION, a
Pennsylvania corporation, sued individually and as
successor by merger to BUFFALO PUMPS, INC.;
CBS CORPORATION f/k/a VIACOM, INC., a
Delaware corporation, sued as successor by merger
with CBS Corporation f/k/a Westinghouse Electric
Corporation, successor-in-interest to BF
STURTEVANT; CH MURPHY/CLARK-ULLMAN,
INC., an Oregon corporation; FOSTER WHEELER,
LLC, a New York corporation; FRASER'S BOILER
SERVICE, INC., a Washington corporation,
individually and as successor-in-interest to Fraser
Boiler Works; GENERAL ELECTRIC COMPANY,
a New York corporation; INGERSOLL-RAND
COMPANY, a New Jersey corporation; MAR-
DUSTRIAL SALES, INC. an Oregon corporation;
WARREN PUMPS, LLC, successor in interest to
Warren Pumps, Inc., Quimby Pumps Co., and Warren
Steam Pumps Co.; GOULDS PUMPS (IPG), INC., a
Delaware corporation; METROPOLITAN LIFE
INSURANCE COMPANY, a New York corporation;
3M COMPANY (also known as MINNESOTA
MINING AND MANUFACTURING COMPANY), a
foreign corporation,

        Defendants.

Case No.

**COMPLAINT- Wrongful Death
(Civil Action for Strict Liability and
Negligence)**

**DEMAND FOR JURY TRIAL**

**NOT SUBJECT TO MANDATORY
ARBITRATION**

**Prayer Range: $1,000,000-$10,000,000
Filing Fee Established By
ORS 21.160(1)(d)**

Page 1 -    **COMPLAINT - PERSONAL INJURY**

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503.595.1033; 503.224.9430 (facsimile)
jsm@mutnicklaw.com

1
2
3        Plaintiff alleges at all material times:

4                              **FIRST CLAIM FOR RELIEF**

5        **(Strict Liability against Manufacturer, Supplier, and Distributor Defendants)**

6                                       1.

7        At all times relevant to this action, Defendants conducted regular, sustained and not

8    isolated business activity in the State of Oregon.

9                                       2.

10       Plaintiff, Melissa Coury, is the duly appointed Personal Representative of the Estate of

11   Raymond Coury ("Decedent"), and a resident of the State of Oregon.

12                                      3.

13       Decedent's mesothelioma was diagnosed on March 21, 2014.  This complaint is filed

14   within the applicable statute of limitations.

15                                      4.

16       Decedent worked as a laborer, painter, painter supervisor, and supervisor in the Portland

17   Oregon shipyards beginning in 1961.  During this employment, Decedent was exposed to

18   airborne asbestos fibers either through handling asbestos and asbestos containing materials in the

19   performance of his work, being exposed to airborne asbestos fibers created by workers who

20   handled, installed or fabricated asbestos containing materials, or who were exposed to those

21   materials and then exposed Decedent to those fibers.  Decedent incorporates all product

22   identification set forth in Exhibit "A."  Decedent further incorporates any asbestos exposure at

23   any location reflected in Decedent's Social Security records, public documents, union records,

24   testimony of co-workers, testimony of the Decedent and/or any other information in the

25   possession of the Defendants reflecting Decedent's exposure to airborne asbestos fibers for

26   which any Defendant is responsible.  Defendants are in the possession of information regarding

**Page 2 -    COMPLAINT - PERSONAL INJURY**

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
MUTNICK@MUTNICKLAW.COM

EX. A - COMPLAINTS - 003

1    the asbestos containing products and materials which they fabricated, sold, distributed or whose

2    specifications required asbestos containing materials for replacement or modification.

3    Defendants have public and private documents, acquired through litigation and other sources,

4    and have information regarding the materials which they manufactured, sold, distributed, or

5    fabricated which contained asbestos fibers which could become airborne.  Defendants have

6    access to documents which reflect the nature and extent of Decedent's exposure to products

7    manufactured, fabricated, or distributed by Defendants.  Decedent's exposure to Defendants'

8    products includes but is not limited to the products present at the locations identified in Exhibit

9    "A" and includes but is not limited to those products which Defendants, through extensive

10   discovery and litigation, as well as their own records and documents, are locations where the

11   Decedent worked and was exposed to Defendants' asbestos fibers.  Decedent is continuing

12   discovery and reserves the right to revise Exhibit "A."

13                                        5.

14       At all material times:

15       a)  Air & Liquid Systems Corporation, sued individually and as successor by merger to

16            BUFFALO PUMPS, INC. was and is a Pennsylvania corporation not registered to do

17            business in the state of Oregon, engaged in the manufacturing, distribution and sale of

18            asbestos-containing Buffalo Pumps equipment utilizing asbestos-containing products.

19            This equipment included pumps.

20       b)  CBS Corporation f/k/a Viacom, Inc., sued as successor by merger with CBS

21            Corporation f/k/a Westinghouse Electric Corporation, was and is a Delaware

22            corporation not registered to do business in the state of Oregon, engaged in the

23            manufacture, sale and/or distribution of equipment utilizing asbestos-containing

24            products.  This equipment included Westinghouse turbines, generators, and pumps.

25            This Defendant is being sued as a Manufacturer, Supplier, and Distributor defendant.

26

Page 3 -    COMPLAINT - PERSONAL INJURY

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JHUTNICK@MUTNICKLAW.COM

1   c) CH Murphy/Clark-Ullman, Inc., was and is an Oregon corporation registered to do

2    business in the state of Oregon, engaged in the manufacture, sale and/or distribution

3    of asbestos-containing products.

4   d) General Electric Company was and is a New York corporation registered to do

5    business in the state of Oregon, engaged in the manufacture, sale, and/or distribution

6    of equipment utilizing asbestos-containing products. This equipment included

7    turbines and generators.

8   e) Foster Wheeler LLC was and is a New York corporation registered to do business in

9    the state of Oregon engaged in the manufacture, distribution, and/or sale of asbestos-

10   containing products, including, but not limited to, insulation, engines, gaskets,

11   packing, turbines, and related component materials;

12   f) Fraser's Boiler Service, Inc., was and is a Washington corporation, individually and

13   as successor-in-interest to Fraser Boiler Works, engaged in the sale and/or

14   distribution of asbestos-containing refractory products used for the service, repair,

15   and/or installation of boilers and/or furnaces;

16   g) Ingersoll-Rand Company was and is a New Jersey corporation registered to do

17   business in the state of Oregon, engaged in the manufacture, sale, and/or distribution

18   of equipment utilizing asbestos-containing products. This equipment included pumps

19   and compressors.

20   h) Mar-Dustrial Sales, Inc. was and is an Oregon corporation registered to do business in

21   the state of Oregon, engaged in the manufacture, sale, and/or distribution of asbestos-

22   containing products. These products included gaskets.

23   i) Warren Pumps, LLC, successor in interest to Warren Pumps, Inc., Quimby Pumps

24   Co., and Warren Steam Pumps Co., is a Massachusetts LLC and was engaged in

25   manufacture, distribution, and sales of asbestos-containing machinery.

26

Page 4 -  **COMPLAINT - PERSONAL INJURY**

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (Facsimile)
jmutnick@mutnicklaw.com

1    j)  Goulds Pumps (IPG), Inc., was and is a Delaware corporation and was engaged in the
2        manufacturing, distribution and sale of asbestos-containing pumps;
3    k)  Metropolitan Life Insurance Company was a New York corporation engaged in the
4        business of providing a variety of insurance products, including life insurance,
5        casualty and liability insurance, and workers' compensation insurance to a variety of
6        customers, including corporations engaged in the manufacture, distribution, and sale
7        of asbestos and asbestos-containing products.
8                                          6.
9        At all material times, which includes not only the period of plaintiff's work exposure, but
10   also includes a period beginning in approximately 1929 and continuing thereafter, the
11   Metropolitan Life Insurance Company, at the request of, and as part of its business service to,
12   one or more of its insurance customers which engaged in asbestos-related business, conducted,
13   either directly through its own employees or indirectly through commissioned studies and
14   medical research, medical investigations, medical studies, and collection of medical and
15   epidemiological data, concerning the disease producing capabilities of asbestos and asbestos-
16   containing materials.  Metropolitan Life provided the results of such investigation and studies,
17   either by direct transmittal to companies engaged in asbestos related business or indirectly by
18   dissemination of the information and medical knowledge that they had accumulated throughout
19   asbestos-related industries.  This transmittal and dissemination of information went to a variety
20   of industrial companies and individuals, including the Defendants named herein.  Medical
21   investigation studies and information developed from the activities of Metropolitan Life
22   Insurance Company, above described, included substantial evidence of the disease producing
23   capability of asbestos and asbestos-related products.  After collection and dissemination of the
24   medical information and data, as described above, which collection and dissemination occurred
25   in the 1930s and 1940s, the Metropolitan Life Insurance Company thereafter engaged in a
26

Page 5 -    **COMPLAINT - PERSONAL INJURY**

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

1   continuous and consistent course of conduct suppressing, minimizing, understating and denying

2   the evidence of disease causing properties of asbestos and asbestos-related material.

3                                              7.

4         Decedent, Raymond Coury, was exposed to airborne asbestos fibers beginning in 1961 by

5   directly working with asbestos-containing materials and by working in the vicinity of other

6   workers utilizing these products.  At all material times, Decedent was exposed to airborne

7   asbestos fibers either through utilizing asbestos and asbestos-containing materials in the

8   performance of his work, or by being exposed to airborne asbestos fibers created by persons who

9   used, installed or fabricated asbestos-containing materials.

10                                             8.

11        Some or all of the Defendants' asbestos-containing products and materials released

12  respirable asbestos fibers capable of causing Mesothelioma if inhaled by individuals, including

13  the Decedent.

14                                            9.

15        The asbestos or asbestos-containing products of the Defendant suppliers, manufacturers

16  or distributers were unreasonably dangerous and defective in that:

17        (a)    The Defendants did not provide sufficient warnings and/or instructions of the harm

18               caused by exposure to the Defendants' asbestos-containing products;

19        (b)    The asbestos-containing products of the Defendants were capable of causing

20               Mesothelioma if inhaled by individuals, including the Decedent, in their work

21               places, including those set forth above.

22        (c)    Individual workers, including the Decedent, were not warned to utilize proper

23               respiratory protection to protect them from airborne asbestos fibers within their

24               working environment.

25

26

Page 6 -    COMPLAINT - PERSONAL INJURY

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503-595-1033; 503-224-9430 (facsimile)
jmutnick@mutnicklaw.com

10.

Defendant 3M's masks were dangerous and defective in that they failed to provide protection from the inhalation of asbestos fibers.

11.

As a result of the Decedent's exposure to the unreasonably dangerous and defective asbestos-containing products manufactured, distributed, sold, installed, applied or fabricated and/or the failure of the 3M dust masks, Decedent contracted Mesothelioma, from which Decedent has suffered pain, discomfort, fear, and interference with his daily activities and enjoyment of life, and has endured mental and emotional pain and suffering, all of which is permanent, all to the Decedent's non-economic damages in amount of $950,000.

12.

As a result of the Decedent's exposure to the unreasonably dangerous and defective asbestos-containing products manufactured, distributed, sold, installed, applied or containing the Defendants' asbestos fiber, the Decedent contracted Mesothelioma, from which he has incurred doctor, hospital and medical expenses and will incur similar medical expenses in the future resulting in economic damages in the amount of $75,000.

## SECOND CLAIM FOR RELIEF

### (Negligence)

13.

The Plaintiff re-alleges paragraphs 1 through 11.

14.

Defendants were negligent generally and in one or more of the following particulars:

(a)    The Defendants did not provide sufficient warnings and/or instructions of the harm caused by exposure to the Defendants' asbestos-containing products when the Defendants, prior to the period of the Decedent's exposure to asbestos and

Page 7 -    COMPLAINT - PERSONAL INJURY

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

asbestos-containing products, possessed information concerning the adverse

effects and disease-producing capabilities of those products;

(b)    The Defendants failed to withdraw asbestos-containing products from the market

prior to the Decedent's exposure, when the Defendants possessed information

concerning the adverse effects and disease-producing capabilities of those

products;

(c)    The Defendants failed to determine the level of airborne asbestos fibers emitted by

their products when the products were being used by the end user;

(d)    The Defendants failed to conduct tests to determine the amount of asbestos to

which the Decedent, or similarly situated workers, would be exposed, when

engaging in the use of the products; and

(e)    The Defendants failed to warn individual workers, including the Decedent,

regarding the hazards associated with the use of the product.

15.

Defendant 3M was negligent in selling and marketing dust masks which it claimed

provided protection from airborne asbestos fibers but failed to protect the Decedent from

respirable asbestos fibers; when they knew or should have known that the mask did not provide

adequate respiratory protection to individuals exposed to airborne asbestos fibers.

16.

As a result of the Defendants' negligence, the Decedent was exposed to airborne asbestos

fibers from asbestos-containing products manufactured, distributed, sold, applied or installed by

one or more of the Defendants; or containing the fiber mined and distributed by one or more of

the Defendants, which caused him to contract Mesothelioma, from which, he has suffered pain

discomfort, fear, and interference with his daily activities and enjoyment of life, and has endured

metal and emotional pain and suffering, all of which is permanent, all to the Plaintiff's non-

economic damages in amount of $900,000.

Page 8 -    COMPLAINT - PERSONAL INJURY

17.

As a result of the Defendants' negligence, the Decedent was exposed to airborne asbestos fibers from asbestos-containing products man nufactured, distributed, sold, applied or installed by one or more of the Defendants; or containing the fiber mined and distributed by one or more of the Defendants, which caused him to contract Mesothelioma, from which he has incurred doctor, hospital and lost wages prior to death of $75,000.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**First Claim for Relief (Strict Liability):**

1. Non-economic damages in the amount of $950,000.

2. Economic damages in the amount of $75,000.

3. Plaintiff's costs and disbursements incurred herein.

4. Any other costs this court deems equitable.

**Second Claim for Relief (Negligence):**

1. Non-economic damages in the amount of $950,000.

2. Economic damages in the amount of $75,000.

3. Plaintiff's costs and disbursements incurred herein.

4. Any other costs this court deems equitable.

Plaintiff demands a jury trial.

**DATED:**  February 24, 2016.

LAW OFFICE OF JEFFREY S. MUTNICK

Jeffrey S. Mutnick OSB No. 721784
*Of Attorneys for Plaintiff*
Telephone: 503-595-1033
Email: jmutnick@mutnicklaw.com
*Of Attorneys for Plaintiff*

Page 9 -    **COMPLAINT - PERSONAL INJURY**

EX. A - COMPLAINTS - 010

Raymond Coury
Exhibit A

| Approximate Dates | Location | Manufacturers/ Distributors/ Suppliers | Asbestos Containing Product(s) & Equipment |
|---|---|---|---|
| 1961-1980 | Northwest Marine & Iron Works Shipyard, Portland, OR | Buffalo Pumps | Gaskets, packing, friction materials, valves, insulation materials |
| | | Westinghouse | Turbines, generators, insulation materials, gaskets, packing. |
| | | CH Murphy | Insulation materials, refractory materials, friction materials, gaskets, packing, brick |
| | | Foster Wheeler | Boilers, refractory materials, insulation materials, gaskets, packing, brick |
| | | Fraser's Boiler | Insulation materials, refractory materials, friction materials, gaskets, packing, brick |
| | | General Electric | Turbines, generators, insulation materials, gaskets, packing. |
| | | Ingersoll Rand | Gaskets, packing, friction materials, valves, insulation materials |
| | | Mardustrial Sales | Insulation materials, refractory materials, friction materials, gaskets, packing |
| | | Warren Pumps | Gaskets, packing, friction materials, |

| | | | valves, insulation materials |
|---|---|---|---|
| | | Goulds Pumps | Gaskets, packing, friction materials, valves, insulation materials |
| 1962-1967 | Albina Engine & Machine Works Shipyard, Portland, OR | Same as above | Same as above |

4/8/2016 2:02:02 PM
16CV06135

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MELISSA COURY, Personal Representative of
the Estate of RAYMOND COURY,

        Plaintiff,

        vs.

AIR & LIQUID SYSTEMS CORPORATION, a
Pennsylvania corporation, sued individually and as
successor by merger to BUFFALO PUMPS, INC.;
CBS CORPORATION f/k/a VIACOM, INC., a
Delaware corporation, sued as successor by merger
with CBS Corporation f/k/a Westinghouse Electric
Corporation, successor-in-interest to BF
STURTEVANT; CH MURPHY/CLARK-ULLMAN,
INC., an Oregon corporation;  FOSTER WHEELER,
LLC, a New York corporation;  FRASER'S BOILER
SERVICE, INC., a Washington corporation,
individually and as successor-in-interest to Fraser
Boiler Works; GENERAL ELECTRIC COMPANY,
a New York corporation; INGERSOLL-RAND
COMPANY, a New Jersey corporation; MAR-
DUSTRIAL SALES, INC. an Oregon corporation;
WARREN PUMPS, LLC, successor in interest to
Warren Pumps, Inc., Quimby Pumps Co., and Warren
Steam Pumps Co.; GOULDS PUMPS (IPG), INC.,
a Delaware corporation; METROPOLITAN LIFE
INSURANCE COMPANY, a New York corporation;
3M COMPANY (also known as MINNESOTA
MINING AND MANUFACTURING COMPANY),
a foreign corporation,

        Defendants.

Case No. 16CV06135

**AMENDED COMPLAINT -
Wrongful Death (Civil Action for
Strict Liability and Negligence)**

**DEMAND FOR JURY TRIAL**

**NOT SUBJECT TO MANDATORY
ARBITRATION**

**Prayer Range: $1,000,000-$10,000,000
Filing Fee Established By
ORS 21.160(1)(d)**

Page 1 -    AMENDED COMPLAINT – WRONGFUL DEATH

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

1    Plaintiff alleges at all material times:

2                    **FIRST CLAIM FOR RELIEF**

3      **(Strict Liability against Manufacturer, Supplier, and Distributor Defendants)**

4                                    1.

5       At all times relevant to this action, Defendants conducted regular, sustained and not

6    isolated business activity in the State of Oregon.

7                                    2.

8       Plaintiff, Melissa Coury, is the duly appointed Personal Representative of the Estate of

9    Raymond Coury ("Decedent"), and a resident of the State of Oregon.

10                                   3.

11      Decedent's mesothelioma was diagnosed on March 21, 2014.  This complaint is filed

12   within the applicable statute of limitations.

13                                   4.

14      Decedent worked as a laborer, painter, painter supervisor, and supervisor in the Portland

15   Oregon shipyards beginning in 1961.  During this employment, Decedent was exposed to

16   airborne asbestos fibers either through handling asbestos and asbestos containing materials in the

17   performance of his work, being exposed to airborne asbestos fibers created by workers who

18   handled, installed or fabricated asbestos containing materials, or who were exposed to those

19   materials and then exposed Decedent to those fibers.  Decedent incorporates all product

20   identification set forth in Exhibit "A."  Decedent further incorporates any asbestos exposure at

21   any location reflected in Decedent's Social Security records, public documents, union records,

22   testimony of co-workers, testimony of the Decedent and/or any other information in the

23   possession of the Defendants reflecting Decedent's exposure to airborne asbestos fibers for

24   which any Defendant is responsible.  Defendants are in the possession of information regarding

25   the asbestos containing products and materials which they fabricated, sold, distributed or whose

26   specifications required asbestos containing materials for replacement or modification.

**Page 2 -**   **AMENDED COMPLAINT – WRONGFUL DEATH**

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

1    Defendants have public and private documents, acquired through litigation and other sources,

2    and have information regarding the materials which they manufactured, sold, distributed, or

3    fabricated which contained asbestos fibers which could become airborne. Defendants have

4    access to documents which reflect the nature and extent of Decedent's exposure to products

5    manufactured, fabricated, or distributed by Defendants. Decedent's exposure to Defendants'

6    products includes but is not limited to the products present at the locations identified in Exhibit

7    "A" and includes but is not limited to those products which Defendants, through extensive

8    discovery and litigation, as well as their own records and documents, are locations where the

9    Decedent worked and was exposed to Defendants' asbestos fibers. Decedent is continuing

10    discovery and reserves the right to revise Exhibit "A."

11                                              5.

12        At all material times:

13    a)  Air & Liquid Systems Corporation sued individually and as successor by merger to

14            BUFFALO PUMPS, INC. was and is a Pennsylvania corporation not registered to do

15            business in the state of Oregon, engaged in the manufacturing, distribution and sale of

16            asbestos-containing Buffalo Pumps equipment utilizing asbestos-containing products.

17            This equipment included pumps.

18    b)  CBS Corporation f/k/a Viacom, Inc., sued as successor by merger with CBS

19            Corporation f/k/a Westinghouse Electric Corporation, was and is a Delaware

20            corporation not registered to do business in the state of Oregon, engaged in the

21            manufacture, sale and/or distribution of equipment utilizing asbestos-containing

22            products. This equipment included Westinghouse turbines, generators, and pumps.

23            This Defendant is being sued as a Manufacturer, Supplier, and Distributor defendant.

24    c)  CH Murphy/Clark-Ullman, Inc. was and is an Oregon corporation registered to do

25            business in the state of Oregon, engaged in the manufacture, sale and/or distribution

26            of asbestos-containing products.

Page 3 -    AMENDED COMPLAINT – WRONGFUL DEATH

1    d)  General Electric Company was and is a New York corporation registered to do

2         business in the state of Oregon, engaged in the manufacture, sale, and/or distribution

3         of equipment utilizing asbestos-containing products. This equipment included

4         turbines and generators.

5    e)  Foster Wheeler LLC was and is a New York corporation registered to do business in

6         the state of Oregon engaged in the manufacture, distribution, and/or sale of asbestos-

7         containing products, including, but not limited to, insulation, engines, gaskets,

8         packing, turbines, and related component materials;

9    f)  Fraser's Boiler Service, Inc., was and is a Washington corporation, individually and

10       as successor-in-interest to Fraser Boiler Works, engaged in the sale and/or

11       distribution of asbestos-containing refractory products used for the service, repair,

12       and/or installation of boilers and/or furnaces;

13    g)  Ingersoll-Rand Company was and is a New Jersey corporation registered to do

14       business in the state of Oregon, engaged in the manufacture, sale, and/or distribution

15       of equipment utilizing asbestos-containing products.  This equipment included pumps

16       and compressors.

17    h)  Mar-Dustrial Sales, Inc. was and is an Oregon corporation registered to do business in

18       the state of Oregon, engaged in the manufacture, sale, and/or distribution of asbestos-

19       containing products.  These products included gaskets.

20    i)  Warren Pumps, LLC, successor in interest to Warren Pumps, Inc., Quimby Pumps

21       Co., and Warren Steam Pumps Co., is a Massachusetts LLC and was engaged in

22       manufacture, distribution, and sales of asbestos-containing machinery.

23    j)  Goulds Pumps (IPG), Inc., was and is a Delaware corporation and was engaged in the

24       manufacturing, distribution and sale of asbestos-containing pumps;

25    k)  Metropolitan Life Insurance Company was a New York corporation engaged in the

26       business of providing a variety of insurance products, including life insurance,

Page 4 -    AMENDED COMPLAINT – WRONGFUL DEATH

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JEFFREY@MUTNICKLAW.COM

EX. A - COMPLAINTS - 016

1    casualty and liability insurance, and workers' compensation insurance to a variety of

2    customers, including corporations engaged in the manufacture, distribution, and sale

3    of asbestos and asbestos-containing products.

4                                                    6.

5                        **(Metropolitan Life Insurance Company)**

6           At all material times, which includes not only the period of plaintiff's work exposure, but

7    also includes a period beginning in approximately 1929 and continuing thereafter, the

8    Metropolitan Life Insurance Company, at the request of, and as part of its business service to,

9    one or more of its insurance customers which engaged in asbestos-related business, conducted,

10   either directly through its own employees or indirectly through commissioned studies and

11   medical research, medical investigations, medical studies, and collection of medical and

12   epidemiological data, concerning the disease producing capabilities of asbestos and asbestos-

13   containing materials.  Metropolitan Life provided the results of such investigation and studies,

14   either by direct transmittal to companies engaged in asbestos related business or indirectly by

15   dissemination of the information and medical knowledge that they had accumulated throughout

16   asbestos-related industries.  This transmittal and dissemination of information went to a variety

17   of industrial companies and individuals, including the Defendants named herein.  Medical

18   investigation studies and information developed from the activities of Metropolitan Life

19   Insurance Company, above described, included substantial evidence of the disease producing

20   capability of asbestos and asbestos-related products.  After collection and dissemination of the

21   medical information and data, as described above, which collection and dissemination occurred

22   in the 1930s and 1940s, the Metropolitan Life Insurance Company thereafter engaged in a

23   continuous and consistent course of conduct suppressing, minimizing, understating and denying

24   the evidence of disease causing properties of asbestos and asbestos-related material.

25   / / / / /

26   / / / / /

Page 5 -    AMENDED COMPLAINT – WRONGFUL DEATH

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 395-1033; 503 221-9430 (facsimile)
JEFFREY.MUTNICK@MUTNICKLAW.COM

EX. A - COMPLAINTS - 017

7.

2  Decedent, Raymond Coury, was exposed to airborne asbestos fibers beginning in 1961 by

3  directly working with asbestos-containing materials and by working in the vicinity of other

4  workers utilizing these products.  At all material times, Decedent was exposed to airborne

5  asbestos fibers either through utilizing asbestos and asbestos-containing materials in the

6  performance of his work, or by being exposed to airborne asbestos fibers created by persons who

7  used, installed or fabricated asbestos-containing materials.

8                                                                 8.

9  Some or all of the Defendants' asbestos-containing products and materials released

10  respirable asbestos fibers capable of causing mesothelioma if inhaled by individuals, including

11  the Decedent.

12                                                                 9.

13  The asbestos or asbestos-containing products of the Defendant suppliers, manufacturers

14  or distributers were unreasonably dangerous and defective in that:

15  (a)  The Defendants did not provide sufficient warnings and/or instructions of the harm

16        caused by exposure to the Defendants' asbestos-containing products;

17  (b)  The asbestos-containing products of the Defendants were capable of causing

18        mesothelioma if inhaled by individuals, including the Decedent, in their work

19        places, including those set forth above.

20  (c)  Individual workers, including the Decedent, were not warned to utilize proper

21        respiratory protection to protect them from airborne asbestos fibers within their

22        working environment.

23                                                                 10.

24  Defendant 3M's masks were dangerous and defective in that they failed to provide

25  protection from the inhalation of asbestos fibers.

26  / / / / /

Page 6 -    AMENDED COMPLAINT – WRONGFUL DEATH

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595 1033; 503 224-9430 (Facsimile)
MUTNICK@MUTNICKLAW.COM

1              11.

2       As a result of the Decedent's exposure to the unreasonably dangerous and defective

3   asbestos-containing products manufactured, distributed, sold, installed, applied or fabricated,

4   and/or the failure of the 3M dust masks, and/or the activities of Metropolitan Life, Decedent

5   contracted mesothelioma, which caused his death.  Decedent's Estate suffered non-economic

6   damages for loss of society and companionship, grief, anguish, and for the conscious pain and

7   suffering sustained by the Decedent prior to his death, to decedent's estate's non-economic

8   damage in the amount of $950,000.

9              12.

10      As a result of the Decedent's exposure to the unreasonably dangerous and defective

11  asbestos-containing products manufactured, distributed, sold, installed, applied or containing the

12  Defendants' asbestos fiber, and/or the activities of Metropolitan Life, the Decedent contracted

13  mesothelioma, from which he died.  Decedent's Estate has suffered economic damages for medical

14  bills, funeral and burial expenses, and loss of earning capacity in the amount of $175,000.

15             13.

16      Prior to his death, the Decedent's mesothelioma caused him pain and suffering and loss

17  of income which pursuant to ORS 30.020(2)(b) entitles the Decedent's estate to additional

18  damages included above.

19             **SECOND CLAIM FOR RELIEF**

20                **(Negligence)**

21             14.

22      The Plaintiff re-alleges paragraphs 1 through 13.

23             15.

24      Defendants were negligent generally and in one or more of the following particulars:

25      (a)    The Defendants did not provide sufficient warnings and/or instructions of the harm

26             caused by exposure to the Defendants' asbestos-containing products when the

Page 7 -    AMENDED COMPLAINT – WRONGFUL DEATH

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503-395-1033; 503-224-9430 (facsimile)
jmutnick@mutnicklaw.com

1        Defendants, prior to the period of the Decedent's exposure to asbestos and

2        asbestos-containing products, possessed information concerning the adverse

3        effects and disease-producing capabilities of those products;

4    (b)    The Defendants failed to withdraw asbestos-containing products from the market

5        prior to the Decedent's exposure, when the Defendants possessed information

6        concerning the adverse effects and disease-producing capabilities of those

7        products;

8    (c)    The Defendants failed to determine the level of airborne asbestos fibers emitted by

9        their products when the products were being used by the end user;

10    (d)    The Defendants failed to conduct tests to determine the amount of asbestos to

11        which the Decedent, or similarly situated workers, would be exposed, when

12        engaging in the use of the products; and

13    (e)    The Defendants failed to warn individual workers, including the Decedent,

14        regarding the hazards associated with the use of the product.

15                                16.

16        Defendant 3M was negligent in selling and marketing dust masks which it claimed

17    provided protection from airborne asbestos fibers but failed to protect the Decedent from

18    respirable asbestos fibers; when they knew or should have known that the mask did not provide

19    adequate respiratory protection to individuals exposed to airborne asbestos fibers.

20                                17.

21        As a result of the Defendants' negligence, and/or the activities of Metropolitan Life, the

22    Decedent was exposed to airborne asbestos fibers from asbestos-containing products

23    manufactured, distributed, sold, applied or installed by one or more of the Defendants; or

24    containing the fiber mined and distributed by one or more of the Defendants, which caused him

25    to contract mesothelioma, which caused his death.  Decedent's Estate suffered non-economic

26    damages for loss of society and companionship, grief, anguish, and for the conscious pain and

Page 8 -    AMENDED COMPLAINT – WRONGFUL DEATH

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
jsmutnick@mutnicklaw.com

EX. A - COMPLAINTS - 020

1    suffering sustained by the Decedent prior to his death, to decedent's estate's non-economic

2    damage in the amount of $950,000.

3                                     18.

4         As a result of the Defendants' negligence, and/or the activities of Metropolitan Life, the

5    Decedent was exposed to airborne asbestos fibers from asbestos-containing products

6    manufactured, distributed, sold, applied or installed by one or more of the Defendants; or

7    containing the fiber mined and distributed by one or more of the Defendants, which caused him

8    to contract mesothelioma, from which he died.  Decedent's Estate has suffered economic

9    damages for medical bills, funeral and burial expenses and loss of earning capacity in the amount

10   of $175,000.

11                                     19.

12         Prior to his death, the Decedent's mesothelioma caused him pain and suffering and loss

13   of income which pursuant to ORS 30.020(2)(b) entitles the Decedent's estate to additional

14   damages included above.

15         **WHEREFORE**, Plaintiff prays for judgment as follows:

16         **First Claim for Relief (Strict Liability):**

17         1. Non-economic damages in the amount of $950,000.

18         2. Economic damages in the amount of $175,000.

19         3. Plaintiff's costs and disbursements incurred herein.

20         4. Any other costs this court deems equitable.

21         **Second Claim for Relief (Negligence):**

22         1. Non-economic damages in the amount of $950,000.

23         2. Economic damages in the amount of $175,000.

24   / / / / /

25   / / / / /

26   / / / / /

Page 9 -    AMENDED COMPLAINT – WRONGFUL DEATH

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9450 (facsimile)
jmutnick@mutnicklaw.com

EX. A - COMPLAINTS - 021

1    3. Plaintiff's costs and disbursements incurred herein.

2    4. Any other costs this court deems equitable.

3    Plaintiff demands a jury trial.

4    DATED:  April 8, 2016.

5                        LAW OFFICE OF JEFFREY S. MUTNICK

6

7                        Jeffrey S. Mutnick OSB No. 721784
8                        *Of Attorneys for Plaintiff*
                         Telephone: 503-595-1033
9                        Email: jmutnick@mutnicklaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 10 -    **AMENDED COMPLAINT – WRONGFUL DEATH**

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503-595-1033; 503-224-9450 (facsimile)
JMUTNICK@MUTNICKLAW.COM

Raymond Coury
Exhibit A

| Approximate Dates | Location | Manufacturers/ Distributors/ Suppliers | Asbestos Containing Product(s) & Equipment |
|---|---|---|---|
| 1961-1980 | Northwest Marine & Iron Works Shipyard, Portland, OR | Buffalo Pumps | Gaskets, packing, friction materials, valves, insulation materials |
| | | Westinghouse | Turbines, generators, insulation materials, gaskets, packing. |
| | | CH Murphy | Insulation materials, refractory materials, friction materials, gaskets, packing, brick |
| | | Foster Wheeler | Boilers, refractory materials, insulation materials, gaskets, packing, brick |
| | | Fraser's Boiler | Insulation materials, refractory materials, friction materials, gaskets, packing, brick |
| | | General Electric | Turbines, generators, insulation materials, gaskets, packing. |
| | | Ingersoll Rand | Gaskets, packing, friction materials, valves, insulation materials |

EXHIBIT "A"

Page 1 of 2
Case No. 16CV06135

| | | Mardustrial Sales | Insulation materials, refractory materials, friction materials, gaskets, packing |
| --- | --- | --- | --- |
| | | Warren Pumps | Gaskets, packing, friction materials, valves, insulation materials |
| | | Goulds Pumps | Gaskets, packing, friction materials, valves, insulation materials |
| 1962-1967 | Albina Engine & Machine Works Shipyard, Portland, OR | Same as above | Same as above |

**EXHIBIT "A"**

**Page 2 of 2**
**Case No. 16CV06135**